IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 10-cv-651-JLK

JAMES D. MOORE,

    Plaintiff,

v.

SHAWN MILLER, in his individual and official capacity, JOHN ROBLEDO, in his individual and official capacity, THE CITY AND COUNTY OF DENVER, a municipality,

    Defendants.

---

ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE ORDER TO COMPEL DISCOVERY AND GRANTING LEAVE TO FILE A MOTION FOR REASONABLE ATTORNEY FEES ASSOCIATED WITH DISCOVERY MOTION PRACTICE

---

Kane, J.

    Before me is Defendants' Motion to Enforce Order to Compel Discovery, Doc. 90, which relates to the Order dated 3/11/13, Doc. 84, (the "Order"), in which I ordered Mr. Moore to produce writings related to his arrest, his tax records, and his employment records. The primary issue at hand is precisely what writings Mr. Moore must produce. The other issue to decide is whether to grant Defendants leave to file a petition for the reasonable attorney fees they incurred in filing the instant motion and the Motion to Compel, Doc. 72.[1]

*Scope of Mr. Moore's Writings*

    In Defendants' Motion to Compel Discovery, Doc. 72, Defendants requested writings from the social network Facebook page for member 'justiceforjamesmoore' or

---

[1] The Motion to Enforce also seeks relief by way of ordering Plaintiff to produce further tax and employment records. Defendants are now in receipt of this information, however, *see* Doc. 94 at 8, so such requests are now MOOT.

any other Facebook posts by James Moore on his own member page or others relating to the incident, as well as writings posted on the websites "nwosituationreport.com" and "nwosituationreport.wordpress.com." Specifically, Defendants requested: 1) missing posts from www.facebook.com/James.Moore1, between the dates of November 2007 and May 2012; 2) any writings on Plaintiff's website nwosituationreport.wordpress.com or www.nwosituationreport.com relating to the incident; 3) any other writings not already identified by Plaintiff or Defendants; and 4) Mr. Moore's Facebook "activity log." *Id.* at 14. These specifics were enumerated under the umbrella of Request for Production No. 7, in which Defendants requested Mr. Moore to produce "[a]ny and all statements, summaries, diaries, memorandum, or other writings by YOU describing any of the circumstances of, leading up to, or subsequent to the INCIDENT." *Id.* at 11. The Order granting the Motion to Compel grants Request for Production No. 7 outright, with no qualifiers on the scope, save only to describe parenthetically that the Request concerns "Plaintiff's writings about his arrest." Doc. 84.

Defendants maintain that Mr. Moore did not fully comply with the Order, because Mr. Moore produced "only some of Plaintiff's writings, including an incomplete and highly-redacted printout of Plaintiff's Facebook wall posts" and produced no Activity Log whatsoever. Doc. 90 at 2. Mr. Moore, on the other hand, seizes upon the parenthetical of Doc. 84, which says "about his arrest," to argue that the Order limits compliance with Request for Production No. 7 exclusively to producing writings "about [Mr. Moore's] arrest." Mr. Moore argues that he produced all writings that are, in his view, "about his arrest," and that he is therefore in compliance with the Order.

Narrowing discovery only to writings about Mr. Moore's arrest, however, would exclude writings relevant to the arrest such as writings relating to Mr. Moore's bias, emotional and physical states before and after the arrest and his alleged physical and mental injuries. Accordingly, Defendants did not limit the enumerations found on page 14 of its Motion to Compel only to writings about Mr. Moore's arrest, but rather, as stated above, requested more broadly that Mr. Moore produce all of his missing Facebook posts, any posts from the specified websites, and his Facebook Activity Log.

Given that Defendants specifically asked in their Motion for the discovery at issue and that the Order granting that Motion did not constrict the contours of their request, i.e. there was nothing in the Motion that was "DENIED," the Order is best read as granting all the Motion requested. The parenthetical was merely to give some indication as to the content implicated by the phrase "Request for Production No. 7," which without any other context would give a reader no clue as to the nature of data being requested. Even adopting Mr. Moore's interpretation that the Order did concern itself solely with writings about Mr. Moore's arrest, Mr. Moore's practical application of his reading appears against the spirit of the Court's Order, albeit arguably compliant by its letter, because an Activity Log may reveal the existence or non-existence of writings about Mr. Moore's arrest.

Now understanding beyond doubt that Defendants are seeking his entire Facebook history, Mr. Moore argues this information is irrelevant and to produce it would invade his privacy. Because Mr. Moore alleges physical injury and emotional distress, however, the scope of discovery is particularly broad, and relevance of a plaintiff's entire

Facebook activity has been recognized in other cases involving allegations of physical injury and mental distress. For example, in *Held v. Ferrellgas*, No. 10-2393-EFM, 2011 WL 3896513 (D. Kan. Aug. 31, 2011)(unpublished), the plaintiff alleged employment discrimination against the defendant employer, and alleged that the defendant's actions had caused him emotional distress. The defendant filed a motion to compel the plaintiff's Facebook activity - including posts, comments and messages – from the time he was first employed by the defendant. The defendant argued that his Facebook activity was discoverable because his writings may be relevant to his claims of discrimination as well as to his claims of emotional distress, as his writings may relate to his emotions, feelings, mental state, commitment to the job, and claims of harassment or retaliation. The Court compelled production of plaintiff's Facebook activity as requested, agreeing with defendant that his Facebook information was relevant and disagreeing with plaintiff that this information was irrelevant and private. *Held*, 2011 WL 3896513, at *1.

As in the *Held* case, Mr. Moore's Facebook activity is relevant to his claims of emotional pain and suffering (for which he claims $750,000 in damages) as well as his claims of physical pain ($750,000) and humiliation ($500,000). Mr. Moore reputedly has chosen to share his version of events online often and in many different forums, including detailed and specific descriptions of what he alleges happened to him on March 25, 2008, as well as the injuries he allegedly suffers to this day. Defendants are entitled to know of these accounts.

Both parties have mentioned *in camera* review of Mr. Moore's Facebook history, with Mr. Moore preferring such review over producing directly to Defendants and

Defendants preferring such review over not having the information being produced at all. *In camera* review should be employed only where no other remedy is adequate. Here, the Court's standard protective order will adequately address any privacy concerns the parties may have.

### *Attorney Fees*

To begin, I note how unfortunate it is that the parties' differing interpretations about the scope of ordered discovery spawned a chain of hostile emails and ultimately the instant motion. Where the nature or scope of an Order is contested, the best course of action is for the disputing parties jointly to file a motion for clarification. Indeed, Mr. Moore, in his Response to the Motion to Enforce the Order to Compel, Doc. 91, acknowledges as much and explicitly states that his counsel seeks clarification.

In regard to Defendants pursuing the reasonable attorney fees they incurred from filing the instant motion and the Motion to Compel, leave is GRANTED. The Motion to Compel concerned more than just an interpretation squabble over Facebook history, but also dealt with Mr. Moore's failure to provide his current address and complete sets of his tax returns and employment history. No party should have to resort to motion practice to obtain information as elemental as a party opponent's address.

### *Summary*

Mr. Moore shall produce, under shield of the Court's standard protective order, his entire Facebook history, including his Activity Log, from the date of his arrest forward and continuing to the close of discovery. Permission to file a motion for attorney fees is granted.

DATED:     June 6, 2013                    BY THE COURT:
                                           */s/John L. Kane*
                                           John L. Kane, U.S. Senior District Judge